[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken from a final judgment of the Ashtabula County Court of Common Pleas. Appellant, David E. Dewey, appeals from the trial court's denial of his motion to withdraw two previous guilty pleas to the offense of rape.
On November 7, 1989, appellant was scheduled to go to trial after being indicted on two charges of rape: (1) count one alleged the rape of a child less than thirteen years of age in violation of R.C. 2907.02(A)(1)(b); (2) count two alleged rape in violation of R.C. 2907.02(A)(2). The victim of both assaults was appellant's minor daughter.
Instead of going to trial, however, appellant opted to plead guilty. In exchange for appellant's guilty pleas, the state deleted the age specification from count one of the indictment. As a result, appellant pled guilty to two counts of rape as proscribed by R.C. 2907.02(A)(2). Through this plea bargain, appellant admitted his culpability for raping his own daughter. The assaults resulted in her impregnation and the eventual birth of a baby who was both appellant's child and grandchild.
On November 8, 1989, the trial court held the sentencing hearing. After conducting the Crim.R. 11 plea colloquy, the trial court sentenced appellant to an indefinite term of ten to twenty-five years in prison on each count. The sentences were ordered to run concurrently. Appellant was represented by counsel throughout these proceedings in the trial court. Appellant never instituted a direct appeal from the judgments of conviction and sentence entered against him by the trial court.
Since the commencement of his incarceration, appellant has filed a veritable barrage of documents in the trial court and in this court. These filings have included no less than six postconviction relief petitions, various sundry motions, requests for extraordinary writs, and even a complaint pursuant to R.C.309.05 seeking the removal of the Ashtabula County Prosecuting Attorney from office. Most of these filings sought either the vacation of his convictions or a modification of his sentence. We need not detail the procedural history of this plethora of filings. It suffices to say that this court has addressed appellant's claims on numerous occasions. See, e.g., State v.Dewey (Sept. 25, 1998), Ashtabula App. No. 97-A-0077, unreported, 1998 Ohio App. LEXIS 4500; State ex rel. Dewey v. Yost (June 6, 1997), Ashtabula App. No. 96-A-0060, unreported, 1997 Ohio App. LEXIS 2459; State v. Dewey (May 24, 1996), Ashtabula App. No 93-A-1821, unreported, 1996 Ohio App. LEXIS 2176; Dewey v. Brown
(Dec. 23, 1994), Ashtabula App. No. 93-A-1852, unreported, 1994 Ohio App. LEXIS 5797.
On March 28, 1997, appellant filed a "Motion to withdraw pleas to correct manifest injustice pursuant to Crim. Rule 32.1." In this pro se handwritten motion, appellant expressly acknowledged that the trial court informed him during his Crim.R. 11 plea hearing that he faced a term of imprisonment of ten to twenty-five years on each rape count. Appellant admitted that he understood the maximum penalty involved and that the court could proceed with judgment and sentence upon acceptance of his pleas.
Despite this, appellant claimed that his attorney informed him that the trial judge would be satisfied if appellant only served six or seven years of the minimum ten-year sentence. After spending more than seven years in prison, appellant came to the revelation that the parole board was not bound by this "understanding." Consequently, appellant sought to vacate his prior guilty pleas on the grounds that the pleas were not knowingly and voluntarily entered.
The trial court denied appellant's Crim.R. 32.1 motion on April 16, 1997. In doing so, the trial court concluded that the record clearly demonstrated that appellant was fully informed of his rights with respect to Crim.R. 11 and that appellant made a knowing, intelligent, and voluntary waiver of such rights by pleading guilty to the reduced charges. Appellant never appealed from this decision.
Throughout 1997, appellant continued the onslaught of pro se
filings in the trial court, including a motion for judicial release pursuant to R.C. 2929.20, a petition for a writ of mandamus, and yet another petition for postconviction relief. The 1997 filings concluded on December 19, 1997 with appellant's "Motion to withdrawl [sic] pleas to correct manifest injustice pursuant to Criminal Rule 32.1." The trial court overruled this motion without comment on January 30, 1998. This motion and its subsequent denial are the basis of the present appeal.
On appeal, appellant proceeds pro se and asserts the following assignments of error:
 "[1.] The appellant has been prejudiced by Judge Yosts [sic] abuse of discretion by following a [sic] ongoing pattern of never following the proper court rules of procedure.
 "[2.] The appellant has been prejudiced by Judge Yosts [sic] abuse of discretion by following his corupt [sic] pattern of never following the proper court procedure by never filing the proper findings of fact and conclusions of law.
 "[3.] The appellant has been prejudiced by Judge Yosts [sic] misconduct through the trial judge [sic] constant corupt [sic] pattern of abusing his judicial capacity.
 "[4.] Judge Gary Yost [sic] constant abusive pattern of violating the Appellants [sic] constitutional rights with in [sic] the meaning of the 4th, 5th, 6th and 14th amendments of the United States Constitution by his constant pattern of refusing to uphold Ohio and Federal laws.
 "[5.] The appellant has been deprived of a fair an [sic] impartial ruling through Judge Gary Yosts [sic] Deriliction [sic] of duty pursuant to O.R.C. 2921.44(b)(d)(e) [sic] through his refusal to preform [sic] his judicial duties."[1]
Although appellant ostensibly assigns five separate errors committed by the trial court, he did not separately argue these propositions in his brief before this court. Rather, he offered only one disjointed argument in support of his position that the trial court erred by denying his Crim.R. 32.1 motion to withdraw his guilty pleas.
After reviewing these alleged errors, we find appellant's first, third, fourth, and fifth assignments to be repetitious. As a result, we will address them via the same analysis. After doing so, we will consider appellant's second assignment.
Appellant's primary argument appears to be that the state has breached its plea agreement with him. According to appellant, he agreed to plead guilty with the understanding that he would only have to serve "6 or 7 years of the 10 year minimum sentence to be imposed." Because he is still incarcerated, appellant concludes that the state is refusing to honor the plea bargain, and the trial court is abrogating its judicial duties by not allowing him to withdraw his guilty pleas.
Upon reviewing the record, it is apparent that questions regarding the propriety of appellant's plea and sentencing hearings have previously been raised and rejected. Appellant's latest Crim.R. 32.1 motion is merely a restatement of claims that either have been or could have been made before in the multitude of filings that appellant has submitted since he pled guilty to raping his own daughter in November 1989.
For example, appellant raised the same issue relating to the knowing and voluntary nature of his guilty pleas in his Crim.R. 32.1 motion filed on March 28, 1997. In this motion, appellant claimed that he "was told by his lawyer that the judge only wanted the defendant to do 6 or 7 years of his minimum sentence."
Even prior to this, on March 5, 1997, appellant filed a "Motion to vacate sentence." In this document, appellant also contended that he "was told by his lawyer that the Judge only wanted the defendant to do 6 or 7 years of the 10 to 25 year sentence imposed by the court."
The trial court overruled both of the aforementioned motions in the same April 16, 1997 judgment entry. In doing so, the trial court concluded:
 "The record in this case indicates that the Defendant received the benefit of a plea negotiation; that he was fully advised of his rights with respect to the proceedings; that he made a knowing, intelligent, and voluntary waiver of those rights and a voluntary plea of guilty to reduced charges. He was sentenced in accordance with the indefinite sentencing provisions which were in effect at the time of his plea. There is nothing in the record, nor has the Defendant submitted anything in support of his motions, to raise any question regarding the propriety of his plea or sentence."
Given his propensity for filing appeals in this court, it is somewhat surprising to note that appellant never appealed this judgment. Appellant, though, obviously had the opportunity to challenge the trial court's decision by way of appeal.
Under these circumstances, the present appeal is barred by the doctrine of res judicata. Inasmuch as appellant previously questioned the knowing and voluntary nature of his guilty pleas and the claimed violation of his plea bargain agreement in prior motions before the trial court, he was precluded from again raising these same issues in a successive Crim.R. 32.1 motion. Appellant's first, third, fourth, and fifth assignments are baseless.
In his second assignment of error, appellant suggests that the trial court erred by denying his motion to withdraw the guilty pleas without filing findings of fact and conclusions of law. According to appellant, this was a breach of "proper court procedure."
There is no duty for a trial court to issue findings of fact and conclusions of law when denying a Crim.R. 32.1 motion to withdraw a guilty plea. State ex rel. Hagwood v. Jones (Apr. 24, 1997), Cuyahoga App. No. 72084, unreported, at 3, 1997 Ohio App. LEXIS 1651; State v. Marshall (June 30, 1989), Wood App. No. WD-88-63, unreported, at 4, 1989 Ohio App. LEXIS 2568. Appellant is confusing a motion brought pursuant to Crim.R. 32.1 with a petition for postconviction relief under R.C. 2953.21. If a trial court dismisses a petition for postconviction relief, "it shall make and file findings of fact and conclusions of law[.]" R.C.2953.21(C) and 2953.21(G). A trial court has no such duty when denying a Crim.R. 32.1 motion to withdraw a guilty plea.
In the case sub judice, the document filed by appellant bore the caption "Motion to withdrawl [sic] pleas to correct manifest injustice pursuant to Criminal Rule 32.1." The trial court could clearly overrule this motion without incurring any obligation whatsoever to issue findings of fact and conclusions of law. Appellant's second assignment is not well-taken.
Based on the foregoing analysis, appellant's assignments of error are without merit. Accordingly, the judgment of the trial court is affirmed. __________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J.,
O'NEILL, J., concur.
[1] As should be evident from these assignments, Judge Gary L. Yost presided over this matter in the trial court.